13-4201-cv
Seneca Ins. Co. v. Everest Reinsurance Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
         CHRISTOPHER F. DRONEY,
                 <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X

SENECA INSURANCE COMPANY, INC.,
      <u>Plaintiff-Appellant</u>,

      -v.-                                  13-4201-cv

EVEREST REINSURANCE COMPANY,
      <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | BARRY SARETSKY, Saretsky Katz Dranoff & Glass, LLP, New York, New York. |
| **FOR APPELLEE:** | DAVID L. PITCHFORD (<u>with</u> Daniel S. Brower <u>on the brief</u>), Pitchford Law Group LLC, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Seneca Insurance Company, Inc. ("Seneca") appeals from the judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>), granting summary judgment in favor of defendant-appellee Everest Reinsurance Company ("Everest Re"). Seneca provided $5 million in liability insurance to the Kentucky Lottery Corporation ("KLC"), with a $5 million self-insured retention. When judgments were rendered against KLC in an action by two former employees, Seneca paid and in turn sought coverage from Everest Re, which denied coverage.

The district court ruled that the interest amounts included in the judgments entered against KLC were properly considered "interest on a judgment," which under the reinsurance terms is not a covered loss. For that reason, the $5 million loss that triggers Everest Re's obligation to pay had not been reached. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review <u>de novo</u> an order granting summary judgment." <u>ReAmerica, S.A. v. Wells Fargo Bank Int'l</u>, 577 F.3d 102, 105 (2d Cir. 2009). Upon such review, we find that the district court properly granted summary judgment to Everest Re.

For the reasons stated in the Decision and Order of the district court, and finding no merit in Seneca's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

2